Filed 8/20/24  P. v. Tolbert CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082360 |
| v. | (Super.Ct.No. FSB1402703) |
| ANTHONY ARTELL TOLBERT | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

On the court's own motion, the opinion filed in this matter on August 6, 2024, is modified as follows:

On page No. 3, the second full paragraph, change the citation "November" to "Nov."

On page Nos. 4 and 5, the last two paragraphs on page No. 4 continued through the first full paragraph on page No. 5 are deleted and replaced with the following:

Defendant's claim, that the reading of the bracketed language is "an explicit instruction on the natural and probable consequences doctrine," was specifically rejected in *People v. Estrada* (2022) 77 Cal.App.5th 941.  The

1

*Estrada* court found that "the bracketed language alone [was not] sufficient to find that the jury was instructed on a natural and probable consequences theory" because of the court's prior holding that "the jury instructions, taken as a whole, required the jury to find that [the defendant] acted with intent to kill in order to find him guilty of first degree murder, even under an aider and abettor theory." (*Id*. at p. 947.)

On page No. 5, the second full paragraph, the citation to "(*People v. Estrada* (November 28, 2011), B226963) [nonpub. opn.].); CT 163-164, 119, 224.)" is changed to "(*People v. Estrada*, *supra*, 77 Cal.App.5th at pp. 946-948.)"

On page No. 6, at the end of the top paragraph, after "*supra*" insert "77."

On page No. 8, in the last sentence, insert "section" before "1172.6"

Except for these modifications, the opinion remains unchanged. The modifications do not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

CODRINGTON _____
J.

2

Filed 8/6/24  P. v. Tolbert CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E082360 |
| v. | (Super.Ct.No. FSB1402703) |
| ANTHONY ARTELL TOLBERT, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Anthony Artell Tolbert, appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] section 1172.6. For the reasons set forth, *post*, we affirm the court's order.

## FACTUAL AND PROCEDURAL HISTORY

### A.     FACTUAL HISTORY

Defendant was one of four people involved in the shooting and killing of Kevon Decatur, who was in a vehicle with two other occupants.

### B.     PROCEDURAL HISTORY

On December 29, 2015, a jury found defendant guilty of first degree premeditated, deliberate, and willful murder of Kevon Decatur (§ 187, subd. (a); count 1), attempted premeditated, deliberate, and willful murder of E.S. and D.H. (§§ 664, 187, subd. (a); counts 2 & 3), and street terrorism (§ 186.22, subd. (a); count 4). The jury found true that as to counts 1, 2, and, 3 defendant committed the crimes for the benefit of, or on behalf of a criminal street gang (§ 186.22, subd. (b)(1)(C)). The jury also found true that as to counts 1, 2, and, 3 a principal personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (b)-(e)(1)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

The trial court sentenced defendant to 40 years in prison plus 80 years to life as follows: 25 years to life for the first degree murder conviction in count 1; 25 years to life for the firearm enhancement in count 1; 15 years to life each for counts 2 and 3, and 20 years each for the firearm enhancement to counts 2 and 3. The court ordered the sentences and enhancements to run consecutively. The court imposed and stayed prison terms for count 4 and each of the gang enhancements.

On appeal, this Court reversed the attempted murder convictions in counts 2 and 3. Additionally, this Court reversed defendant's sentence and ordered the trial court to exercise its discretion to strike or impose the firearm enhancements pursuant to section 12022.53, subdivision (h), and to strike the gang enhancements. (*People v. Singh et al.* (November 22, 2019, E067985) [nonpub. opn.].)

In 2021 the court resentenced defendant to a total term of 50 years to life for the murder in count 1 and the firearm enhancement for that count.

In 2022 defendant filed a petition for resentencing under former section 1170.95.

On October 13, 2023, the superior court denied the petition, concluding that defendant had failed to establish a prima facie case.

Defendant filed a timely notice of appeal on October 16, 2023.

**DISCUSSION**

Defendant argues that the trial court erred in denying defendant's petition because the jurors were instructed with the bracketed language in CALCRIM No. 400, which reads, "Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred

3

during the commission of the first crime." Defendant claims this constituted "an explicit instruction on the natural and probable consequences doctrine" and in the alternative, "it nevertheless constituted an instruction on a form of imputed malice murder." We disagree.

Section 1172.6 reads: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced." (§ 1172.6, subd. (a).) A section 1172.6 denial " 'at the first stage of prima facie review . . . is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." [Citations.] This is a purely legal conclusion, which we review de novo.' " (*People v. Evrin* (2021) 72 Cal.App.5th 90, 101.)

Defendant's claim, that the reading of the bracketed language is "an explicit instruction on the natural and probable consequences doctrine," was specifically rejected in *People v. Estrada* (2022) 77 Cal.App.5th 941 (*Estrada*).

In an earlier appeal by the *Estrada* defendant, he claimed the trial court erred by instructing the jury with CALCRIM No. 400. (*People v. Estrada* (November 28, 2011), B226963) 2011 WL 5995909 [nonpub. opn.].) Citing *People v. Samaniego* (2009) 172 Cal.App.4th 1148, the court found the error harmless because "the trial court gave other instructions that required the jury to determine whether [the defendant] had the mental

4

state necessary to find him guilty of first degree murder." (*Estrada*, at *10) Those other instructions included CALCRIM Nos. 401, 520, and 521. (*Id.* at *10-*11)

The defendant then appealed from an order denying his petition for resentencing under section 1170.95. (*Estrada*, *supra*, Cal.App.5th a p. 943.) The *Estrada* court found that "the bracketed language alone [was not] sufficient to find that the jury was instructed on a natural and probable consequences theory" because of the court's prior holding that "the jury instructions, taken as a whole, required the jury to find that [the defendant] acted with intent to kill in order to find him guilty of first degree murder, even under an aider and abettor theory." (*Id.* at p. 947.)

The fact that the jury was instructed with the bracketed language should not be viewed in isolation; the jury instructions must be taken as a whole. In *Estrada*, just as in this case, the jury was not only instructed with CALCRIM No. 400, but also CALCRIM Nos. 401, 520 and 521. (*People v. Estrada* (November 28, 2011), B226963) [nonpub. opn.].); CT 163-164, 119, 224.) CALCRIM No. 401 explains to the jury that to find a defendant guilty of a crime as an aider and abettor, the People have to prove that the defendant "knew the perpetrator intended to commit the crime" and that "[b]efore or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime." The instruction also informs the jury that "[s]omeone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime." CALCRIM No. 520 explains to the jury that to prove the defendant guilty of murder the People must prove

5

that the defendant committed an act that caused the death of another person and acted with malice aforethought. CALCRIM No. 521 states that the defendant is guilty of first degree murder, "if the People have proved that he acted willfully, deliberately, and with premeditation." We agree with the Second District that these instructions, when given in addition to CALCRIM No. 400, "ensured that the jury would only find [defendant] guilty of first degree murder, even as an aider and abettor, if it concluded he acted willfully and with intent to kill." (*Estrada*, *supra*, Cal.App.5th a p. 945.)

Our colleagues in the Second District further explained their reasoning in light of *People v. Johnson* (2016) 62 Cal.4th 600 (*Johnson*), stating, "Our Supreme Court's analysis regarding a prior version of CALCRIM No. 400 and its interplay with CALCRIM No. 401 is determinative here. In . . . *Johnson*, . . . , the jury was instructed on an old version of CALCRIM No. 400 providing that: ' "A person may be guilty of a crime in two ways. One, he may have directly committed the crime. I will call that person the perpetrator. Two, he may have aided and abetted the perpetrator, who directly committed the crime. A person is *equally guilty* of the crime whether he committed it personally or aided and abetted the perpetrator who committed it." ' [Citation.] The court held that where CALCRIM No. 401 is also provided, 'there was no reasonable likelihood the jurors would have understood the "equally guilty" language in former CALCRIM No. 400 to allow them to base defendant's liability for first degree murder from the mental state of the actual shooter, rather than on defendant's own mental state in aiding and abetting the killing.' [Citation.] Here, where the 'equally guilty' language was no longer present in the version of CALCRIM No. 400 provided to the jury, there is

6

even less of a possibility that the jury could have imputed [defendant's] liability for first degree murder from the mental state of the actual shooter. Applying *Johnson*, [defendant] is ineligible for resentencing as a matter of law because the jury was instructed on CALCRIM No. 401." (*Estrada*, *supra*, 77 Cal.App.5th at pp. 947-948.)

Defendant's attempt to undercut *Estrada*, *supra*, is unpersuasive. He reads *Estrada* as standing for the proposition that "an intent to kill finding categorically precludes relief under Penal Code section 1172.6" and argues that *People v. Curiel* (2023) 15 Cal.5th 974 overrides this proposition. *Estrada*, however, does not merely stand for the proposition that "an intent to kill finding categorically precludes relief." When read in full, it is clear that *Estrada*'s focus on the intent to kill finding is simply a focus on the fact that malice was not imputed to the defendant, thereby making him ineligible for 1172.6 relief. This is a correct statement of law. Furthermore, though *Curiel* does hold that a finding of intent to kill does not categorically preclude 1172.6 relief, in direct contrast to this appeal, the *Curiel* jury was instructed as to the natural and probable consequences doctrine, and therefore, defendant's reliance on *Curiel* is unwarranted.

Defendant's second argument, that the jurors were instructed on a form of imputed malice aiding and abetting, would render him ineligible for section 1172.6 resentencing even if true. This was thoroughly explained in *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 947-948: "As we noted in *Flores*[2], the Supreme Court's 2001 decision in *McCoy* made 'clear . . . that "when guilt does not depend on the natural and probable

---

[2] *People v. Flores* (2023) 96 Cal.App.5th 1164.

7

consequences doctrine, . . . the aider and abettor must know and share the murderous intent of the actual perpetrator." ' [Citations.]  After the Supreme Court's 2001 decision in *McCoy*, it was unmistakable that a direct aider and abettor's 'mental state is her own; she is liable for her mens rea, not the other person's.' [Citation.]  [¶]  By arguing that the jury instructions allowed the jury to convict him as a direct aider and abettor of murder on an imputed malice theory, [defendant] is necessarily asserting that they were erroneous under the law in effect at the time of his 2010 trial and subsequent direct appeal.  Under *Burns*[3] and *Flores*, however, a section 1172.6 petitioner cannot establish a prima facie case for relief by asserting that the jury instructions permitted conviction on a theory of imputed malice that was *already* prohibited even *before* the enactment of Senate Bill no. 1437.  This amounts to 'a routine claim of instructional error' that 'could have been raised on appeal from the judgment of conviction.' [Citation.]  'Section 1172.6 does not create a right to a second appeal, and [the defendant] cannot use it to resurrect a claim that should have been raised in his [direct] appeal.' "

Defendant's record of conviction demonstrates that he was not convicted of felony murder, murder under the natural and probable consequences doctrine, or any other theory under which malice was imputed solely by his participation in a crime.  As such, defendant is ineligible for 1172.6 relief as a matter of law.

---

**3** *People v. Burns* (2023) 95 Cal.App.5th 862.

**DISPOSITION**

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                              J.

We concur:

RAMIREZ _____
                          P. J.

CODRINGTON _____
                          J.

9